IN THE COURT OF APPEALS OF TENNESSEE
AT KNOXVILLE
Assigned on Briefs, January 14, 2010

## IN RE:  TRISTAN J.K.S.

**Appeal from the Juvenile Court for Sevier County**
**No. 02-M7-436;  06-001376     Hon. Jeffrey D. Rader, Judge**

---

**No. E2009-00703-COA-R3-JV - FILED MARCH 29, 2010**

---

The appellee filed a Petition for Contempt against respondent for failing to pay child support. The Trial Court found respondent in contempt, entered Judgment for back child support, but later purged the Judgment for incarceration.  The respondent has appealed, arguing that the Trial Court erred in finding him in civil contempt, and it was not appropriate to incarcerate him to enforce the Court's orders.  On appeal, we affirm the Judgment of the Trial Court.

**Tenn.  R. App. P.3 Appeal as of Right; Judgment of the Juvenile Court Affirmed.**

HERSCHEL PICKENS FRANKS, P.J., delivered the opinion of the Court, in which CHARLES D. SUSANO, JR., J., and  D. MICHAEL SWINEY, J., joined.

James R. Hickman, Jr., Sevierville, Tennessee, for the appellant, Joshua C. Soller.

Robert E. Cooper, Jr., Attorney General and Reporter,
Michael E. Moore, Solicitor General,
and Amy T. McConnell, Assistant Attorney General, Nashville, Tennessee, for the appellee, State of Tennessee, ex rel., Kye K. Kolb and Carla R. Kolb.

## OPINION

This cause originated, when a Petition for Civil Contempt was filed by the State alleging the  respondent was in arrears $3,523.24 as of May 31, 2008.  A show cause order

was entered, and respondent filed a Uniform Affidavit of Indigence, asserting that he was unemployed and had no income. The Court appointed counsel for respondent.

At a hearing on March 11, 2009, the Court entered an Order, granting judgment to the State. The respondent was found in willful contempt for his failure to pay child support, and was sentenced to the Sevier County Jail, with the ability to be released upon payment of the purge amount of $1,250. The Court further found that other than a court-ordered payment of $500 in February 2009, respondent had made no payments within the last year. The Court found that only six payments were made in 2008, and that respondent failed to pay unless the Court intervened. The Court found that respondent became unemployed in April 2008 after pleading guilty to driving under the influence. The Court found that after that time, respondent had the ability to work and did not, nor did he make any meaningful attempt to seek employment. The Court set a purge review hearing for April 9, 2009, and respondent filed a Notice of Appeal.

The second volume of this record contains similar pleadings regarding this respondent and the same child, but involving different child support amounts.

The Trial Court approved the State's Statement of the Evidence, wherein the State explained that this case actually includes two companion child support matters, involving the same child. The first matter deals with child support owed by respondent to the child's mother, and the second matter deals with child support owed by respondent to the child's grandmother. Respondent had been ordered to pay $50 per month toward an arrearage of support he owed to the grandmother for the time period when the child was in her care, and he was ordered to pay child support of $407 per month plus $93 per month toward an arrearage (for a total of $500 per month) to the child's mother.

On December 17, 2008, at a hearing, the State presented evidence that the father owed an arrearage of $3,523.24 to the grandmother, and an arrearage of $10,293.55 to the mother. It was not disputed that the arrearage was owed, and that no payment had been made since March 24, 2008. Respondent did not testify at the hearing, but his attorney argued that he had paid support directly to the mother and/or grandmother. They both testified that he had not paid them anything. The Trial Court found that based upon the record and the Court's prior experience with respondent, he had the ability to make payments. The Court then suspended the proof and ruled that respondent would have an opportunity to resume making payments. The Court gave respondent a "Christmas reprieve" during which time he could demonstrate a willingness to make payments. The Court warned respondent that the next hearing would constitute a "day of reckoning", and the continuance was entered.

At the next hearing respondent did not appear, and respondent's counsel asked for a

short continuance, explaining that respondent could not appear due to inclement weather. Respondent's counsel stated that respondent would pay $1,000 to be applied equally to the two cases, and a continuance was entered.

At the next hearing, counsel for respondent admitted that respondent was in willful and deliberate contempt, but argued that any jail sentence for this contempt should be suspended. Respondent testified that he was hired at Grand Crown Resort in Pigeon Forge on February 28, 2009, where he would only be paid by commission. Respondent testified he had started working the prior weekend, and had already made a sale, earning $150-200.

At the purge hearing on April 29, 2009, the record reflects that respondent had paid the $2,500 necessary to be released and was no longer in prison.

On appeal, the issues are:

1. Whether the Trial Court erred in finding respondent in civil contempt?

2. Whether the Trial Court erred in finding that it was necessary and appropriate to incarcerate respondent to enforce its orders?

Respondent argues the Trial Court erred in finding him in contempt, because he did not willfully fail to pay support. Since he was unemployed, he had made over thirty applications for employment, but could not find a job due to his DUI conviction, the loss of his license, and the bad economy.

The record contains no transcript, and the Court adopted the State's Statement of the Evidence, which states that respondent's attorney did admit that respondent was in willful and deliberate contempt at the March hearing. The only proof that is in the record is that respondent was working until December 2008, and then he got another job in February 2009. No other evidence is in the record regarding respondent's job or earnings history.

"When no transcript or statement of the evidence is included in the record on appeal, we conclusively presume that the findings of fact made by the trial court are supported by the evidence and are correct." *Langford v. Langford*, 2008 WL 4367576 (Tenn. Ct. App. Sept. 23, 2008). In this case, the State furnished a narrative which does not include evidence to support the contentions of the appellant.

Accordingly, we conclude the Trial Court's ruling on this issue was appropriate and we affirm. Moreover, we have no basis for reversing the Trial Court's sentence of incarceration. The Statement of the Evidence sets forth that the father became unemployed

in December 2008 and resumed working in February 2009, and when coupled with his attorney's admissions, it is not sufficient to show that he was without income for any significant period of time such that his failure to pay support could be said to be anything other than willful.

Next, the State argues that this appeal was premature because there was no final judgment, but the fact that the Court set a later purge hearing date does not affect the finality of the judgment of contempt. Also, the fact that the contempt was purged does not change the fact that the father was found in contempt initially, and he therefore had a right to appeal. The State's issues, as well as the appellant's issues are without merit.

We affirm the Judgment of the Trial Court and remand, with the cost of the appeal assessed to Joshua C. Soller.

_____
HERSCHEL PICKENS FRANKS, P.J.